IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 JUL -8 A 10: 13

| | |
|---|---|
| PEYTON RUUD, a minor, who sues by and through her mother and next friend, TATUM RUUD; TATUM RUUD, as an individual, ) ) ) ) ) | |
| Plaintiffs, ) ) | CIVIL ACTION NO.: 00- 2:05CV640-B |
| vs. ) ) | |
| SEARS, ROEBUCK & CO., a corporation; ICON HEALTH & FITNESS, INC., et al. ) ) ) | |
| Defendant. ) | |

## NOTICE OF REMOVAL

**COME NOW** Defendants Sears, Roebuck and Co. (hereinafter referred to as "Sears") and ICON Health & Fitness, Inc. (hereinafter referred to as "ICON"), in accordance with 28 U.S.C. §1332 and 28 U.S.C. §1441, and hereby give notice that this action is hereby removed from the Circuit Court of Montgomery County, Alabama to the United States District Court for the Middle District of Alabama, Northern Division. As and for its Notice of Removal, Sears and ICON show unto the Court as follows:

1. This lawsuit is a civil action within the meaning of the Acts of Congress relating to removal of causes.

2. Plaintiff Peyton Ruud, a minor, who sues by and through her mother and next friend, Tatum Ruud, and Plaintiff Tatum Ruud, individually, instituted this civil action in the Circuit Court of Montgomery County, Alabama, on or about June 9, 2005, against Sears and

ICON, said case number being CV-05-1438 in said court. The Complaint alleges that Plaintiff Peyton Ruud was severely and permanently injured when her hand was caught in a pinch-point at the rear of a treadmill. Said treadmill was allegedly designed and manufactured by ICON and sold by Sears. Complaint at ¶¶ 9-10. Sears and ICON were both served by certified mail on or about June 27, 2005. A true and correct copy of the entire court file is attached hereto as Exhibit A and is incorporated by reference herein. Because this Notice of Removal is filed within thirty days of service of the summons and/or complaint upon Sears and ICON, it is timely under 28 U.S.C. §1446(b).

3. This action originally could have been filed in this Court under 28 U.S.C. § 1332 because complete diversity of citizenship exists between the properly joined parties and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

## I.
## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS.

4. Plaintiff Peyton Ruud, is, and was at the institution of this civil action, and at all times intervening, a citizen and resident of Montgomery County, Alabama. Complaint at ¶ 1. Plaintiff Tatum Ruud is, and was at the institution of this civil action, and at all times intervening, a citizen and resident of Montgomery County, Alabama. Complaint at ¶ 1.

5. Sears is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of New York, having its principal place of business in the State of Illinois. As a result, Sears is not now, and was not

at the time of the filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

6. ICON is, and was at the time of the institution of this civil action, a corporation organized and existing under and by virtue of the laws of the State of Delaware, having its principal place of business in the State of Utah. As a result, ICON is not now, and was not at the time of the filing of the Complaint, a citizen and resident of the State of Alabama within the meaning of the Acts of Congress relating to the removal of causes.

## II.
## THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED.

7. Plaintiff Peyton Ruud, by and through her mother and next friend, Tatum Ruud, and Tatum Ruud, individually, allege Peyton Ruud was severely and permanently injured when her hand was caught in a pinch-point at the rear of a treadmill. Said treadmill was allegedly designed and manufactured by ICON and sold by Sears. Complaint at ¶¶ 9-10. Among other things, Plaintiff Peyton Ruud, by and through her mother and next friend, Tatum Ruud, and Tatum Ruud, individually, assert a claim under the AEMLD for defective manufacture, defective design and failure to warn. Although the complaint does not specify a monetary demand, the plaintiffs seek compensatory and punitive damages. Complaint. Additionally, Plaintiffs' counsel has previously made settlement demands in the amounts of $385,000.00 and $165,000.00. Correspondence enclosing said settlement demands are attached hereto as Exhibits B and C. Accordingly, Sears and ICON believe and herein allege in good faith that the matter in controversy between the Plaintiffs and Defendants, at the time

of filing the Complaint, and at the present time exceeds the sum or value of $75,000.00, exclusive of interests and costs. *See, e.g, Tapscott,* 77 F.3d at 1359 (11th Cir. 1996) (when plaintiffs make an unspecified claim for damages, removing party need only show by a preponderance of the evidence that amount in controversy exceeds jurisdictional limit); *Holley Equip. Co. v. Credit Alliance Corp.*, 821 F.2d 1531, 1535 (11th Cir. 1987) ("When determining the jurisdictional amount in diversity cases, punitive damages must be considered."); *Swafford v. Transit Cas. Company*, 486 F.Supp. 175, 177 (N.D. Ga. 1980) ("It is clear that in determining the jurisdictional amount in controversy, punitive damages are to be counted.") citing *Bell v. Preferred Life Assurance Society*, 320 U.S. 238, 64 S.Ct. 5 (1943).

### III.
### THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED.

8. As set forth above, this Notice of Removal is filed within thirty (30) days of service of the petition or process upon the Defendants.

9. As demonstrated above, this Court has jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332, as amended.

10. The prerequisites for removal under 28 U.S.C. § 1441 have been met.

11. If any question arises as to the propriety of the removal of this action, Defendants Sears and ICON request the opportunity to present a brief and oral argument in support of their position that this case is removable.

WHEREFORE, Sears and ICON, desiring to remove this case to the United States

4

District Court for the Middle District of Alabama, Northern Division, being the district and division of said Court for the County in which said action is pending, 28 U.S.C. § 1441(a), prays that the filing of this Notice of Removal with the Clerk of the Circuit Court of Montgomery County, Alabama shall effect the removal of said suit to this Court.

Dated: July 7, 2005

Respectfully submitted,

_____
CARROLL H. SULLIVAN   (SULLC8646)
Attorney for the Defendants, Sears, Roebuck & Co. and ICON Health & Fitness, Inc.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama  36633
Telephone: (251) 433-1346
Facsimile:  (251) 433-1086

**CERTIFICATE OF SERVICE**

I do hereby certify that I have on this 7th day of July, 2005, served a copy of the foregoing pleading on counsel for all parties to this proceeding by U.S. Mail, postage pre-paid, as follows:

TO: David E. Allred, Esquire
David E. Allred, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594

Melissa Rittenour, Clerk
Circuit Court of Montgomery County, Alabama
Post Office Box 1667
Montgomery, Alabama 36102-1667

_____
OF COUNSEL

5