

# IN THE CIRCUIT COURT OF
## MONTGOMERY COUNTY, ALABAMA

PEYTON RUUD, a minor, who sues )
by and through her mother and )
next friend, TATUM RUUD; )
TATUM RUUD, an individual, )
                           )
       *Plaintiffs,*      )
                           )
vs. )    CIVIL ACTION NO. CV-05- *1438*
                           )
SEARS, ROEBUCK & CO., a )
corporation; ICON HEALTH & )
FITNESS, INC., a corporation; *et al*, )
                           )
      *Defendants.*    )

## SUMMONS

    This service by certified mail of this summons is initiated upon the written request of plaintiffs' attorneys pursuant to the *Alabama Rules of Civil Procedure.*

Notice to:    **SEARS, ROEBUCK & COMPANY**
                 **c/o THE CORPORATION COMPANY**
                 **2000 Interstate Park Drive, Suite 204**
                 **Montgomery, Alabama  36109**

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights. You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation in the Complaint, to:

Ellenann B. Yelverton           David E. Allred
JEMISON, MENDELSOHN & JAMES, P.C.    D. Craig Allred
1772 Platt Place                  DAVID E. ALLRED, P.C.
Post Office Box 241566           1774 Taliaferro Trail
Montgomery, Alabama 36124-1566      Post Office Box 241594
                                  Montgomery, Alabama 36124-1594

the attorneys for the plaintiffs. THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

                                       _Melissa Pittenger_
                                        CIRCUIT CLERK

Dated: ___6/23/05___

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

| | |
|---|---|
| PEYTON RUUD, a minor, who sues<br>by and through her mother and<br>next friend, TATUM RUUD;<br>TATUM RUUD, an individual,<br><br>    *Plaintiffs,*<br><br>vs.<br><br>SEARS, ROEBUCK & CO., a<br>corporation; ICON HEALTH &<br>FITNESS, INC., a corporation; *et al,*<br><br>    *Defendants.* | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**RECEIVED**

CIVIL ACTION NO. CV-05- *1438*

2005 JUN -9 PM 1:00
FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY

## SUMMONS

This service by certified mail of this summons is initiated upon the written request of plaintiffs' attorneys pursuant to the *Alabama Rules of Civil Procedure.*

    Notice to:   **ICON HEALTH & FITNESS**
                      **c/o Brad H. Bearnson**
                      **1500 South 1000 West**
                      **Logan, Utah  84321**

    The Complaint which is attached to this summons is important and you must take immediate action to protect your rights.  You are required to mail or hand deliver a copy of a written Answer, either admitting or denying each allegation to the Complaint, to:

**Ellenann B. Yelverton**
**JEMISON, MENDELSOHN & JAMES, P.C.**
**1772 Platt Place**
**Post Office Box 241566**
**Montgomery, Alabama 36124-1566**

**David E. Allred**
**D. Craig Allred**
**DAVID E. ALLRED, P.C.**
**1774 Taliaferro Trail**
**Post Office Box 241594**
**Montgomery, Alabama 36124-1594**

the attorneys for the plaintiffs.  THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT AS EVIDENCED BY THE RETURN RECEIPT, OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT. You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

*Melissa Rittenour LW*
CIRCUIT CLERK

Dated: _____6/23/05_____

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

PEYTON RUUD, a minor, who sues )
by and through her mother and )
next friend, TATUM RUUD; )
TATUM RUUD, an individual, )
)
*Plaintiffs,* )
)
vs. )    CIVIL ACTION NO. CV-05-*1438*
)
SEARS, ROEBUCK & CO., a )
corporation; ICON HEALTH & )
FITNESS, INC., a corporation; )
A, B, and C are individuals, partnerships, )
corporations, or other legal entities who )
either designed, manufactured, or sold )
products and placed them into the )
stream of commerce, and are thereby )
liable for the injuries to PEYTON RUUD, )
whose identities are not presently )
known, but will be added by amendment )
when ascertained, )
)
*Defendants.* )

FILED
CIRCUIT COURT OF
MONTGOMERY COUNTY
2005 JUN -9 PM 1:00

**COMPLAINT**

**STATEMENT OF THE PARTIES, JURISDICTION, & VENUE**

1.    TATUM RUUD is a resident of Montgomery County, Alabama, over the age of

nineteen years, is the natural mother of PEYTON RUUD, and brings this suit in her capacity

as mother and next friend of her minor child, and as an individual.   PEYTON RUUD is a

minor, whose date of birth is May 15th, 2000, and is a resident of Montgomery County,

Alabama.

2.      Defendant SEARS, ROEBUCK & COMPANY, INC. is a corporation which does business within the State of Alabama through numerous retail outlets, including Montgomery County, at 1500 Eastdale Mall, Montgomery, Alabama.

3.      Defendant ICON HEALTH & FITNESS, INC. is a corporation which manufactures and sells home fitness equipment and does business in the State of Alabama by placing its products into the stream of commerce with knowledge that they will be purchased by consumers in this state through retail outlets such as defendant, SEARS, ROEBUCK & COMPANY.

4.      Defendant ICON manufactured the treadmill made the subject of this action.

5.      Defendant SEARS sold the treadmill at its Eastdale Mall retail location in Montgomery, Alabama.

6.      Defendants A, B and C are individuals, partnerships, corporations, or other legal entities who either designed, manufactured, or sold the treadmill and placed it into the stream of commerce and are, therefore, liable for the injuries to PEYTON RUUD, whose identities are not presently known, but will be added by amendment when ascertained.

7.      Venue is proper in Montgomery County.


## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

8.      Plaintiffs incorporate by reference Paragraphs 1 through 7 of the Complaint as though fully set out herein.

9.      PEYTON's mother, TATUM RUUD, is the owner of a "Pro-Form" treadmill, Serial Number G15264867, Model Number 831  297480, manufactured by ICON HEALTH &

-2-

FITNESS, INC., that was purchased from SEARS, ROEBUCK & COMPANY at their Eastdale Mall retail store in Montgomery, Alabama.

10.    On or about June 16th of 2003, the minor child, PEYTON RUUD, at her home in Montgomery County, Alabama, was severely and permanently injured when her hand was caught in a pinch-point at the rear of the treadmill, causing third degree burns and tearing flesh from the middle two fingers on her right hand, causing permanent scarring and loss of range of motion.

11.    The "Pro-Form" treadmill was designed and manufactured by ICON HEALTH & FITNESS, INC. and sold by SEARS, ROEBUCK & COMPANY with the knowledge and intent that it would be used as home fitness equipment and in the presence of small children.

12.    At the time of the injuries sustained by plaintiff, the "Pro-Form" treadmill was in substantially the same condition as it was when it was placed into the stream of commerce by these defendants and had not been altered or modified.

13.    The "Pro-Form" treadmill when it left the possession of ICON and when sold by SEARS was defective and/or unreasonably dangerous.

14.    The occurrence of injuries, such as the one sustained by the minor child, PEYTON RUUD, herein was reasonably foreseeable at the time that the treadmill was placed into the stream of commerce.

15.    As a proximate result of this product's defective and unreasonably dangerous condition at the time of the sale, PEYTON RUUD has suffered physical and emotional injuries and permanent injuries, as well as economic damages as follows:

      (a)    Third-degree friction burns to the middle two fingers of her right hand;

(b)    Loss of range of motion in the injured hand;

(c)    The development of hypertrophic scars and contracture at the site of the friction burns;

(d)    Surgical procedure to the injured hand in an effort to treat the injuries;

(e)    Medical bills in an effort to treat her injuries;

(f)    Permanent injury, continued limited range of motion, and sensitivity to temperature and other nerve related dysfunction;

(g)    Permanent disfigurement;

(h)    Pain and suffering, past and future;

(i)    Mental anguish, past and future;

(j)    In the future, PEYTON RUUD will need additional surgery and medical treatment; and

(k)    Plaintiff TATUM RUUD has incurred medical expenses in and about the treatment of PEYTON's injuries and has lost the services of the minor child.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for past and future compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court determined by the jury to be necessary and just, plus the costs of this action.

-4-

## COUNT III
### NEGLIGENT DESIGN

16.    Plaintiff incorporates by reference Paragraphs 1 through 15 of the Complaint as though fully set out herein.

17.    Defendant ICON HEALTH & FITNESS had a duty to design a product that was not unreasonably dangerous and/or defective to the ultimate user and breached that duty by failing to design, manufacture the treadmill that was safe for use around small children in the home.

18.    The injury caused to plaintiff by the negligent design was reasonably foreseeable at the time that the product was designed and manufactured.

19.    As a proximate result of this product's defective and unreasonably dangerous condition, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(k).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for past and future compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court determined by the jury to be necessary and just, plus the costs of this action.

## COUNT IV
### NEGLIGENCE - FAILURE TO WARN

20.    Plaintiff incorporates by reference Paragraphs 1 through 19 of the Complaint as though fully set out herein.

21.    Defendants failed to adequately warn plaintiff, the ultimate user of the product, of the danger of bodily injury associated with use of the treadmill due to its defective condition.

22.    As a proximate result of these defendants' negligent failure to adequately warn, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(k).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for past and future compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court determined by the jury to be necessary and just, plus the costs of this action.

## COUNT V
### WANTONNESS

23.    Plaintiff incorporates by reference Paragraphs 1 through 22 of the Complaint as though fully set out herein.

24.    Defendants were aware of the defective design of the treadmill and acted with wanton disregard by placing the product into the stream of commerce despite this knowledge.

25.    As a proximate result of these defendants' wantonness, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(k).

-6-

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for past and future compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court determined by the jury to be necessary and just, plus the costs of this action.

## COUNT VI
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

26.    Plaintiff incorporates by reference Paragraphs 1 through 25 of the Complaint as though fully set out herein.

27.    Defendant SEARS, ROEBUCK & COMPANY is a merchant who regularly deals in goods such as the "Pro-Form" treadmill sold to the plaintiff herein.

28.    Defendant SEARS, ROEBUCK & COMPANY did, in fact, sell the treadmill in question to the plaintiff herein.

29.    The "Pro-Form" treadmill was used by Tatum Ruud in her home as home exercise equipment, which is the ordinary purpose for which the treadmill is intended to be used.

30.    Due to the defective condition of the treadmill, the machine was unmerchantable, and not fit for the ordinary purpose for which it was intended.

31.    The defective condition of the treadmill was the proximate cause of the plaintiff's injury herein.

32.    The plaintiff herein gave notice to the defendants of the breach of warranty prior to the institution of this suit.

-7-

33.    As a proximate result of these defendants' wantonness, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(k).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against defendant SEARS for past and future compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court determined by the jury to be necessary and just, plus the costs of this action.

## COUNT VII
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

34.    Plaintiff incorporates by reference Paragraphs 1 through 33 of the Complaint as though fully set out herein.

35.    At the time that Defendant SEARS, ROEBUCK & COMPANY sold the defective treadmill to the plaintiff, they knew, or had reason to know, of a particular purpose for which it was to be used.

36.    Defendant SEARS, ROEBUCK & COMPANY knew or had reason to know that the plaintiff was relying on the skill and judgment of the defendant to select a treadmill suitable for the intended purpose.

37.    Defendant SEARS, ROEBUCK & COMPANY did, in fact, exercise such skill and judgment, and the plaintiff relied thereon.

38.    The treadmill was used by the plaintiff for the particular purpose for which selection had been made by Defendant SEARS, ROEBUCK & COMPANY.

39.    The treadmill was not reasonably fit and suitable for the purpose for the use for which it was selected.

40.    The injury to the plaintiff was proximately caused by the failure of the Defendant SEARS, ROEBUCK & COMPANY to select a treadmill which was reasonably safe for the intended use.

41.    The plaintiff herein gave notice to the defendant of the breach of warranty prior to institution of this suit.

42.    As a proximate result of these defendants' wantonness, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(k).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for past and future compensatory and punitive damages in an amount in excess of the minimum jurisdictional limits of this Court determined by the jury to be necessary and just, plus the costs of this action.

_____
DAVID E. ALLRED (ALL039)

_____
D. CRAIG ALLRED (ALL078)

Attorneys for Plaintiff
PEYTON RUUD, a minor, who sues by
and through her mother and next friend,
TATUM RUUD

-9-

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:    (334) 396-9977

## JURY DEMAND

THE PLAINTIFFS DEMAND A TRIAL BY JURY OF ALL ISSUES SO TRIABLE.

_____
DAVID E. ALLRED

-10-

SERVE DEFENDANTS BY CERTIFIED MAIL AS FOLLOWS:

SEARS, ROEBUCK & COMPANY
c/o The Corporation Company
2000 Interstate Park Drive, Suite 204
Montgomery, Alabama   36109

ICON HEALTH & FITNESS
c/o Brad H. Bearnson
1500 South 1000 West
Logan, Utah   84321

IN THE CIRCUIT COURT OF
MONTGOMERY COUNTY, ALABAMA

PEYTON RUUD, a minor, who sues )
by and through her mother and )
next friend, TATUM RUUD; )
TATUM RUUD, an individual, )
)
        *Plaintiffs,* )
)
vs. )    CIVIL ACTION NO. CV-05-____1438____
)
SEARS, ROEBUCK & CO., a )
corporation; ICON HEALTH & )
FITNESS, INC., a corporation; )
A, B, and C are individuals, partnerships, )
corporations, or other legal entities who )
either designed, manufactured, or sold )
products and placed them into the )
stream of commerce, and are thereby )
liable for the injuries to PEYTON RUUD, )
whose identities are not presently )
known, but will be added by amendment )
when ascertained, )
)
        *Defendants.* )

## REQUEST FOR PRODUCTION

NOW COMES the plaintiff, by and through her attorney, and requests that the

defendant, ICON HEALTH & FITNESS, INC., produce the following documents and things:

1.    All correspondence and documents by and between Defendant ICON and any

retailer concerning injuries to children on home fitness treadmills.

2.    All design drawings of the accident treadmill (Model Number 831 297480)

to include any and all warnings and/or safety shields or guards.

3.    Copies of all pleadings, depositions, and documents regarding litigation in

which a treadmill manufactured by Defendant ICON is alleged to have caused injury.

*To be Served with Summons and Complaint*

4. All correspondence by or between Defendant Icon and the Consumer Product Safety Commission, Department of Justice, or any other agency regarding an alleged failure by ICON to report injuries allegedly caused on equipment manufactured by ICON.

5. All reports to the Consumer Product Safety Commission or any other organization from ICON notifying the agency of an injury allegedly caused on home fitness equipment manufactured by ICON.

6. All indemnity agreements, hold harmless agreements by or between Defendant ICON and Defendant SEARS, ROEBUCK & COMPANY concerning any obligation of Defendant ICON to indemnify Defendant SEARS in the event of suit or claim against SEARS, which injury was allegedly caused by equipment manufactured by ICON.

7. A copy of the declarations page of any insurance policy, insurance agreement, insurance contract or contract of indemnity under which Defendant ICON is entitled to a defense or indemnity for the allegations set out in this suit.

8. A copy of all receipts, shipping tickets, bills of lading, invoices, or other papers or things documenting:

    (a) The manufacture by Defendant ICON of the treadmill referred to in Paragraph 9 of the Complaint as Serial Number G15264867, Model Number 831 297480; and

    (b) Sale, shipment, or transfer of the treadmill to Defendant SEARS.

9. A copy of all correspondence, letters, papers, or other things by and between Defendant ICON and the plaintiffs or anyone acting on their behalf.

10. A copy of all statements of the plaintiffs or anyone acting on their behalf.

*To be Served with Summons and Complaint*

-2-

11.    A copy of all photographs of the accident treadmill referred to in Paragraph 9 of the Complaint.

12.    All documents and files which refer to or mention PEYTON RUUD or TATUM RUUD.

13.    All injury incident reports concerning the accident of June 16, 2003, in which PEYTON RUUD alleges to have been injured by an ICON treadmill.

14.    All violations, citations, or notices of penalty from any organization or agency whether governmental or private concerning injuries alleged to have occurred on treadmill equipment manufactured by ICON or any failure or delay by ICON in reporting said injuries as required.

15.    Copies of all papers, documents, pleadings, correspondence and decisions by and between Defendant ICON and any agency, whether public or private, regarding injuries alleged to have occurred on the treadmill manufactured by ICON or the assessment of any fine or penalty for failure or delay in reporting said injuries.

16.    A copy of any reservation of rights, non-waiver, or other correspondence notifying Defendant ICON of any coverage question or issue regarding any of its liability insurance coverage under which ICON will or may have coverage for the allegations set out in the Complaint.

17.    A copy of any document, photograph, drawing, report, or other exhibit which Defendant ICON intends to utilize at the trial of the case.

18.    A copy of any and all reports or correspondence from any expert which the defendant intends to utilize as a witness at the trial of the case.

*To be Served with Summons and Complaint*

-3-

DAVID E. ALLRED (ALL039)


D. CRAIG ALLRED (ALL078)

Attorneys for Plaintiff
PEYTON RUUD, a minor, who sues by
and through her mother and next friend,
TATUM RUUD

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

*To be Served with Summons and Complaint*

-4-