# DAVID E. ALLRED, P.C.
*ATTORNEY & COUNSELOR AT LAW*

1774 TALIAFERRO TRAIL
MONTGOMERY, ALABAMA 36117
POST OFFICE BOX 241594
MONTGOMERY, ALABAMA 36124-1594

TELEPHONE: (334) 396-9200
FACSIMILE: (334) 396-9977

**DAVID E. ALLRED**
*Board Certified Civil Trial Specialist*
*National Board of Trial Advocacy*

April 13, 2005

DIRECT DIAL: (334) 819-1050
E-MAIL: dallred@allredpclaw.com

RECEIVED
APR 18 2005

Ms. Tiffany Kaufman
**ICON HEALTH & FITNESS, INC.**
1500 S. 1000 W.
Logan, Utah 84321

Re:   Claimant:         **Peyton Ruud (Minor Child)**
      ICON File No.:    **13348**
      Date of Loss:     **June 16, 2003**

Dear Sirs:

This follows my recent correspondence to you during which I advised that I have been associated to work with Ellenann Yelverton (formerly Benefield) with regard to pursuing the claim of Peyton Ruud for her injury by way of settlement or litigation. I have now had an opportunity to learn more of the facts and I can tell you that Peyton, who was three years old at the time of her injury, sustained a severe, disfiguring, and permanent injury to her right hand on June 16, 2003[1] as a result of defects in an Icon treadmill which Peyton's mother purchased at the Sears store here in Montgomery. The purpose of this letter is to see if Sears has an interest in attempting to negotiate a settlement of this matter prior to litigation or, if suit will need to be filed.

Earlier, I advised Ms. Albertson at Helmsman of the identifying information regarding the treadmill to include that it is a Proform Model Number 831 297480; Serial Number G15264867, which Peyton's mother purchased at the Sears store in Eastdale Mall in Montgomery, Alabama. I understand that Sears' records of the sale could be stored under a reference to Ms. Ruud's phone number and, in response to Ms. Albertson's request, Tatum Ruud has advised me that when she purchased the treadmill, the phone number given to Sears was (334) 613-8119.

---

[1] Although the reference information on your correspondence bears a date of loss July 1, 2003, it is our information that the injury, in fact, occurred on June 16, 2003.

Ms. Tiffany Kaufman
April 13, 2005
Page Two

Tatum Ruud purchased this treadmill at the Sears store for use as home fitness equipment. Indeed, the product was marketed for use in the home and around children. Like most couples, Peyton and her husband both worked. On the evening of the accident, Tatum was using the treadmill in the manner in which it was intended when Peyton, who was 37 months old at the time, was injured. Peyton's small hand was pulled into the nip point on the back of the treadmill which caused the flesh on her second and third fingers to be ground off by the rotating belt until the bone was exposed. There was neither a guard nor any other safety device to prevent the child's hand from being drawn into the nip point nor was there any warning with regard to the danger of that nip point even though this machine was marketed and sold as a consumer product to be used in the home around small children.

Peyton's father helped to extricate the child's hand from the machine and, while doing so, noted that there was the smell of burning flesh from the abrasive action of the treadmill belt as it ground away the flesh on Peyton's hand. She was taken to the emergency room and thereafter treated by a hand specialist who did the best he could to treat her, but she had problems healing, developed scars and contracture and required reconstructive plastic surgery. As you might imagine, this was a very painful injury. Enclosed herewith are copies of photographs demonstrating the extent of Peyton's injury and indicating the lack of mobilization that she had in the right hand. Peyton is right-hand dominant. The hand specialist has performed one surgery and says that she may need additional plastic surgery or perhaps a skin graft in the future or other procedures. The medical bills for Peyton's treatment to date are $4,849.50, but again, there will be additional procedures needed in the future which will increase this amount.

Scarring and disfigurement on the hand is prevalent as you can see from the photographs. Not only was the initial injury quite painful from the burning and abrasion of the treadmill belt, but Peyton had a lot of discomfort for quite some time thereafter. Peyton was required to keep her hand fully bandaged for several weeks after the accident, which is difficult with a three year otherwise active child. Now, the scar tissue that has formed is a different type skin than the normal skin on the inside of a finger and it is sensitive to temperature changes, and causes her discomfort when she uses the hand. The constrictures pull and cause additional pain and decrease the range of motion of the fingers.

This is a permanent injury and the scars will never go away or stop bothering her. When Peyton reaches her teen years and begins to socialize with her contemporaries, wear makeup and that kind of thing, she will still have to deal with the unsightly scarring, as well as the other permanent injury to her fingers.

For the foregoing reasons, the amount of damages to which Peyton is entitled, under Alabama law, bear little relation to the amount of out-of-pocket medicals, as this case must

Ms. Tiffany Kaufman
April 13, 2005
Page Three

be evaluated in much the same manner as an amputation. Disfiguring scarring, especially on a little girl, warrants substantial damages before a jury in Alabama. Peyton has several claims as an injured consumer, one of which is under the Alabama Extended Manufacturer's Liability Doctrine, under which, the plaintiff is entitled to recover upon a showing that she was injured by a product that was negligently designed or manufactured such that when put to its intended use, the manufacturer could have reasonably anticipated that the machine could cause injury. Obviously, this treadmill, designed and manufactured for use in the home by consumers where small children are likely to be residents, was dangerous and, therefore, defective at the time it left the manufacturing facility of Icon.

I have received a copy of the letter dated March 24, 2005 from Ms. Albertson at Helmsman to you demanding indemnity from Icon in favor of Sears. Please know that, as a seller of the defective treadmill, Sears is liable to Peyton as well under the AEMLD and the fact that Sears did not manufacture the defective treadmill is no defense to them. Thus, the liability of Sears and Icon is joint and several. If there are indemnity agreements between Icon and Sears, then those agreements are not binding on Peyton, and her legal claim is not diminished at all in that regard. In the event, there is a vendor's endorsement and any indemnity or hold harmless agreement from Icon's liability carrier in favor of Sears, this will serve to request a copy of that endorsement since it would be readily discoverable under the *Alabama Rules of Civil Procedure*.

In light of the facts of the case, the painful, disfiguring, and permanent injury to this child, her permanent discomfort, and the need for additional plastic surgery in the future, I feel that the case has a reasonable settlement value of $385,000. Do know that even if we reach an agreement of settlement prior to suit, any such settlement must still be presented to and approved by a circuit judge and he may or may not approve settlement at this figure.

If you do have an interest in negotiating a fair and reasonable settlement in this manner, we are certainly ready and willing to do so, however, since the injury occurred almost two years ago, and the actual injury date is June 16, 2003, I need to hear from you at your earliest convenience as to your intentions on settlement.

                                          Yours truly,

                                          David E. Allred

DEA/bgf
Enclosures

Ms. Tiffany Kaufman
April 13, 2005
Page Four


cc:     Brad and Tatum Ruud

        Ellenann B. Yelverton, Esq.

        Ms. Jackie Albertson
        Claims Department
        HELMSMAN MANAGEMENT SERVICES, INC.
        Customer:        Sears Roebuck and Co.
        Claim Number:    P 268–174893–01
        Claimant:        Peyton Ruud
        Date of Loss:    (Your File - 7/1/03)
                         Actual - 6/16/03