RECEIVED
JUL 1 2 2005
CLERK
U.S. DISTRICT COURT
MIDDLE DIST. OF ALA.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| P.R., a minor, who sues by and through her mother and next friend, TATUM RUUD TATUM RUUD, as an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>SEARS, ROEBUCK & CO., a corporation; ICON HEALTH & FITNESS, INC., et al.<br><br>Defendant. | CIVIL ACTION NO.:<br>2:05-CV-640-B |

## ANSWER

**COME NOW** Defendants Sears, Roebuck and Co. (hereinafter referred to as "Sears") and ICON Health & Fitness, Inc. (hereinafter referred to as "ICON"), two of the defendants in the above-styled cause, and for answer to Plaintiffs' Complaint and each and every count, paragraph and aspect thereof, separately and severally, set down and assign the following, to-wit:

### FIRST DEFENSE

Plaintiffs' complaint fails to state a claim against Defendants upon which relief can be granted.

### SECOND DEFENSE

1. Defendants deny each and every allegation contained in Plaintiffs' complaint and demand strict proof thereof.

2. In further response to Plaintiffs' complaint, Defendants state that they are not

guilty of the matters and things alleged therein.

### THIRD DEFENSE

The injuries and damages sustained by the minor were the proximate result of the negligence of Tatum Ruud, her mother.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants deny that they have been guilty of any conduct which entitles the Plaintiffs to recover punitive damages.

### SECOND AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the State of Alabama.

### THIRD AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendants under the Constitution of the United States of America.

### FOURTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case would be in violation of the constitutional safeguards provided to Defendants under the Due Process clause of the Fourteenth Amendment to the Constitution of the United States of

America in that punitive damages are vague and are not rationally related to the legitimate government interest.

## FIFTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case would be in violation of Article I, Section 6, of the Constitution of the State of Alabama which provides that no person shall be deprived of life, liberty, or property except by due process of law, in that punitive damages are vague and are not rationally related to legitimate government interests.

## SIXTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case would be in violation of the procedural safeguards provided to Defendants under the Sixth Amendment of the Constitution of the United States of America in that punitive damages are penal in nature, and consequently, Defendants are entitled to the same procedural safeguards accorded to criminal defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case would be in violation of the Self-Incrimination Clause of the Fifth Amendment of the Constitution of the United States of America since to impose punitive damages against them, which are penal in nature, would compel it to disclose potentially incriminating documents and evidence.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants aver that any award of punitive damages to the Plaintiffs in this case would be in violation of Article 1, Section 15 of the Constitution of the State of Alabama, in that the damages would be an excessive fine.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages on its face and/or as applied, violate Article 1, Section 10, and the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments, separately and severally, of the Constitution of the United States and Article 1, Sections 6, 11, 13, 15, and 22 of the Constitution of Alabama, separately and severally, on each of the following separate and several grounds:

(a) The present Alabama procedures fail to provide sufficiently objective and specific standards by which juries may award punitive damages against this defendant for the same alleged act of wrongdoing.

(b) The present Alabama procedures fail to provide constitutional, sufficiently objective and specific standards by which juries may award judgments.

(c) The present Alabama procedures fail to provide a constitutional and reasonable limit on the amount of the award against these Defendants.

(d) The present Alabama procedures permit the award of punitive damages upon satisfaction of a standard of proof less than that applicable to the imposition of criminal sanctions.

(e) The present Alabama procedures fail to provide a sufficiently clear, objective and consistent appellate standard of review of an award of punitive damages.

(f) The present Alabama procedures may permit the admission of evidence relative to punitive damages in the same proceedings during which liability is determined.

(g) The standards of conduct upon which punitive damages are sought are unconstitutionally vague.

(h) The present Alabama procedures do not allow for the jury to be instructed to adhere to any ascertainable standard or apply any specified sets of factors, and, accordingly, no appellate court can subsequently determine whether the jury improperly applied or ignored any standard or set of factors.

(i) The availability of punitive damages, which are penal in nature, against a civil defendant upon plaintiff satisfying a burden of proof which is less than that required in criminal cases is constitutionally deficient.

(j) The present Alabama procedures fail to provide a meaningful procedure for challenging the excessiveness of an award of punitive damages.

(k) The award of or extra-contractual damages on the basis of vicarious liability for the conduct of others violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution as well as the Alabama Constitutional provisions set forth above.

(l) It is improper and unconstitutional to assess punitive damages and derivative or attributed liability, such as respondeat superior liability.

(m) The present Alabama procedures fail to provide protection against an

excessive amount of punitive damages.

(n) The present Alabama procedures permit the imposition of joint and several judgments against multiple co-defendants for different acts or degrees of wrongdoing or culpability.

(o) The current Alabama procedures permit the imposition of substantially different punishments for the same and similar conduct.

(p) The current Alabama procedures permit the impairment of obligations to contracts.

(q) The current Alabama procedures do not require the bifurcation of the trial so that the punitive damages issue may be heard separately.

(r) The current Alabama procedures permit the imposition of multiple punishments for the same alleged act of wrongdoing.

(s) The current Alabama procedures prohibit the jury from hearing the same evidence and deciding the issue of remittitur which is now under the sole province of the trial court.

(t) The current Alabama procedures permit the imposition of punitive damages and the enforcement of the same against one defendant when, in fact, multiple defendants have been found culpable.

### TENTH AFFIRMATIVE DEFENSE

The imposition of punitive damages in this case could violate the equal protection clause of the Fifth and Fourteenth Amendments to the United States Constitution, separately,

and would deprive Defendants of the right to equal protection under the law as provided in Article I, Section 6, of the Alabama Constitution because, among other reasons, criminal defendants are placed in a position of distinct advantage over civil defendants of comparable culpability due to the disparity in punitive treatment for similar conduct and because the absence of sufficiently specific and objective standards for the imposition of punitive damages fails to ensure equality of treatment between and among similarly situated civil defendants in the same case or in different cases.

## ELEVENTH AFFIRMATIVE DEFENSE

The present Alabama procedures pursuant to which punitive damages are awarded permit the imposition of punitive damages in excess of the maximum criminal fine of the same or similar conduct, which thereby infringes upon the due process and equal protection provision of the Alabama and United States constitutions.

## TWELFTH AFFIRMATIVE DEFENSE

Section 6-11-21 of the Code of Alabama bars Plaintiffs' claims for punitive damages to the extent that it exceeds the amount of $250,000.00. Ala. Code §6-11-21 (Supp. 1987); see Oliver v. Towns, 738 So.2d 798, n. 7 (Ala. 1999)("[W]e question whether *Henderson [v. Alabama Power Co.]*, 627 So.2d 878 (Ala. 1993), remains good law.")(citations omitted). The Alabama Supreme Court acted beyond its authority and violated the separation of powers clause of the United States Constitution and/or the Alabama Constitution in striking down this legislative mandate, and therefore, its action was unconstitutional and without effect.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims for punitive damages are limited by the cap imposed by Ala. Code §6-11-21, as amended by Alabama Act No. 99-358. Allowing an award in excess of this legislative cap would directly contravene the express public policy of the State of Alabama.

Respectfully submitted,

_____
CARROLL H. SULLIVAN  (SULLC8646)
Attorney for the Defendants, Sears, Roebuck & Co. and ICON Health & Fitness, Inc.

**OF COUNSEL:**
SCOTT, SULLIVAN, STREETMAN & FOX, P.C.
Post Office Box 1034
Mobile, Alabama  36633
Telephone: (251) 433-1346
Facsimile:  (251) 433-1086

## CERTIFICATE OF SERVICE

I do hereby certify that on the 12th day of July, 2005, I have electronically filed the foregoing pleading with the Clerk of Court using the CM/ECF System which will send notification of such filing to the following counsel:

David E. Allred, Esquire

_____
OF COUNSEL