IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PEYTON RUUD, a minor, who sues by and through her mother and next friend, TATUM RUUD, *et al.*, </br></br>*Plaintiffs,*</br></br>vs.</br></br>SEARS, ROEBUCK & CO., *et al.*,</br></br>*Defendants.* | )</br>)</br>)</br>)</br>)</br>)</br>)</br>) CASE NO. 2:05-cv-640</br>)</br>)</br>)</br>) |

## FIRST AMENDED COMPLAINT

1.  TATUM RUUD is a resident of Montgomery County, Alabama, over the age of nineteen years, is the natural mother of PEYTON RUUD, and brings this suit in her capacity as mother and next friend of her minor child, and as an individual. PEYTON RUUD is a minor, whose date of birth is May 15th, 2000, and is a resident of Montgomery County, Alabama.

2.  Defendant SEARS, ROEBUCK & COMPANY, INC. is a corporation which does business within the State of Alabama through numerous retail outlets, including Montgomery County, at 1500 Eastdale Mall, Montgomery, Alabama.

3.  Defendant ICON HEALTH & FITNESS, INC. is a corporation which manufactures and sells home fitness equipment and does business in the State of Alabama by placing its products into the stream of commerce with knowledge that they will be purchased by consumers in this state through retail outlets such as defendant, SEARS, ROEBUCK & COMPANY.

4.  Defendant ICON manufactured the treadmill made the subject of this action.

5. Defendant SEARS sold the treadmill at its Eastdale Mall retail location in Montgomery, Alabama.

6. Defendants A, B and C are individuals, partnerships, corporations, or other legal entities who either designed, manufactured, or sold the treadmill and placed it into the stream of commerce and are, therefore, liable for the injuries to PEYTON RUUD, whose identities are not presently known, but will be added by amendment when ascertained.

7. The plaintiff seeks total damages of $74,500, exclusive of interest and costs.

## COUNT I
## ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE

8. Plaintiffs incorporate by reference Paragraphs 1 through 7 of the Complaint as though fully set out herein.

9. PEYTON's mother, TATUM RUUD, is the owner of a "Pro-Form" treadmill, Serial Number G15264867, Model Number 831 297480, manufactured by ICON HEALTH & FITNESS, INC., that was purchased from SEARS, ROEBUCK & COMPANY at their Eastdale Mall retail store in Montgomery, Alabama.

10. On or about June 16th of 2003, the minor child, PEYTON RUUD, at her home in Montgomery County, Alabama, was injured when her hand was caught in a pinch-point at the rear of the treadmill, causing third degree burns and tearing flesh from the middle two fingers on her right hand, causing scarring and loss of range of motion.

11. The "Pro-Form" treadmill was designed and manufactured by ICON HEALTH & FITNESS, INC. and sold by SEARS, ROEBUCK & COMPANY with the knowledge and intent that it would be used as home fitness equipment and in the presence of small children.

12. At the time of the injuries sustained by plaintiff, the "Pro-Form" treadmill was in substantially the same condition as it was when it was placed into the stream of commerce by these defendants and had not been altered or modified.

13. The "Pro-Form" treadmill when it left the possession of ICON and when sold by SEARS was defective and/or unreasonably dangerous.

14. The occurrence of injuries, such as the one sustained by the minor child, PEYTON RUUD, herein was reasonably foreseeable at the time that the treadmill was placed into the stream of commerce.

15. As a proximate result of this product's defective and unreasonably dangerous condition at the time of the sale, PEYTON RUUD has suffered physical and emotional injuries and permanent injuries, as well as economic damages as follows:

    (a) Third-degree friction burns to the middle two fingers of her right hand;

    (b) Loss of range of motion in the injured hand;

    (c) The development of hypertrophic scars and contracture at the site of the friction burns;

    (d) Surgical procedure to the injured hand in an effort to treat the injuries;

    (e) Medical bills in an effort to treat her injuries;

    (f) Pain and suffering, past and future;

 (g) Mental anguish, past and future;

 (h) In the future, PEYTON RUUD will need additional surgery and medical treatment; and

 (i) Plaintiff TATUM RUUD has incurred medical expenses in and about the treatment of PEYTON's injuries and has lost the services of the minor child.

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for damages allowable by law in the amount of $74,500, plus the costs of this action.

### COUNT II
### NEGLIGENT DESIGN

16. Plaintiff incorporates by reference Paragraphs 1 through 15 of the Complaint as though fully set out herein.

17. Defendant ICON HEALTH & FITNESS had a duty to design a product that was not unreasonably dangerous and/or defective to the ultimate user and breached that duty by failing to design, manufacture the treadmill that was safe for use around small children in the home.

18. The injury caused to plaintiff by the negligent design was reasonably foreseeable at the time that the product was designed and manufactured.

19. As a proximate result of this product's defective and unreasonably dangerous condition, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(i).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for damages allowable by law in the amount of $74,500, plus the costs of this action.

### COUNT III
### NEGLIGENCE - FAILURE TO WARN

20. Plaintiff incorporates by reference Paragraphs 1 through 19 of the Complaint as though fully set out herein.

21. Defendants failed to adequately warn plaintiff, the ultimate user of the product, of the danger of bodily injury associated with use of the treadmill due to its defective condition.

22. As a proximate result of these defendants' negligent failure to adequately warn, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(i).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for damages allowable by law in the amount of $74,500, plus the costs of this action.

### COUNT IV
### BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

23. Plaintiff incorporates by reference Paragraphs 1 through 22 of the Complaint as though fully set out herein.

24. Defendant SEARS, ROEBUCK & COMPANY is a merchant who regularly deals in goods such as the "Pro-Form" treadmill sold to the plaintiff herein.

25. Defendant SEARS, ROEBUCK & COMPANY did, in fact, sell the treadmill in question to the plaintiff herein.

26. The "Pro-Form" treadmill was used by Tatum Ruud in her home as home exercise equipment, which is the ordinary purpose for which the treadmill is intended to be used.

27. Due to the defective condition of the treadmill, the machine was unmerchantable, and not fit for the ordinary purpose for which it was intended.

28. The defective condition of the treadmill was the proximate cause of the plaintiff's injury herein.

29. The plaintiff herein gave notice to the defendants of the breach of warranty prior to the institution of this suit.

30. As a proximate result of these defendants' wrongdoing, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(i).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for damages allowable by law in the amount of $74,500, plus the costs of this action.

## COUNT V
## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

31. Plaintiff incorporates by reference Paragraphs 1 through 30 of the Complaint as though fully set out herein.

32.  At the time that Defendant SEARS, ROEBUCK & COMPANY sold the defective treadmill to the plaintiff, they knew, or had reason to know, of a particular purpose for which it was to be used.

33.  Defendant SEARS, ROEBUCK & COMPANY knew or had reason to know that the plaintiff was relying on the skill and judgment of the defendant to select a treadmill suitable for the intended purpose.

34.  Defendant SEARS, ROEBUCK & COMPANY did, in fact, exercise such skill and judgment, and the plaintiff relied thereon.

35.  The treadmill was used by the plaintiff for the particular purpose for which selection had been made by Defendant SEARS, ROEBUCK & COMPANY.

36.  The treadmill was not reasonably fit and suitable for the purpose for the use for which it was selected.

37.  The injury to the plaintiff was proximately caused by the failure of the Defendant SEARS, ROEBUCK & COMPANY to select a treadmill which was reasonably safe for the intended use.

38.  The plaintiff herein gave notice to the defendant of the breach of warranty prior to institution of this suit.

39.  As a proximate result of these defendants' wrongdoing, plaintiff has suffered physical and emotional injuries, as well as economic damages as described hereinbefore in Paragraph 15(a)–(i).

WHEREFORE, THE PREMISES CONSIDERED, plaintiff demands judgment against these defendants for damages allowable by law in the amount of $74,500, plus the costs of this action.

_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff

OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977

**CERTIFICATE OF SERVICE**

I hereby certify that I have this 16th day of March, 2006 electronically filed the foregoing *First Amended Complaint* with the Clerk of the Court for the United States District Court, for the Middle District of Alabama, Northern Division, using the CM/ECF system, which will send notification of such filing to:

    Carroll H. Sullivan, Esq.   csullivan@scottsullivanlaw.com
    George M. Zoghby, Esq.   gzoghby@scottsullivanlaw.com

_____
OF COUNSEL