IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PEYTON RUUD, a minor, who sues )
by and through her mother and )
next friend, TATUM RUUD, *et al.,* )
                          )
        *Plaintiffs,* )
                          )
vs. )  CASE NO. 2:05-cv-640
                          )
SEARS, ROEBUCK & CO., *et al.,* )
                          )
        *Defendants.* )

## MOTION TO REMAND

NOW COMES the plaintiff, by and through her attorney, and moves the Court to remand this cause to the Circuit Court of Montgomery County, Alabama, for lack of jurisdiction and, for reason, the plaintiff says:

1.     That this action was originally filed in the Circuit Court of Montgomery County, Alabama on June 9, 2005, seeking damages, in an unspecified amount concerning an accident that occurred on June 16, 2003 involving the minor child, Peyton Ruud.

2.     That the defendants removed the case to this Honorable Court by Notice of Removal dated July 3, 2005, on the basis of 28 U.S.C. 1332 stating complete diversity of citizenship and amount in controversy in excess of $75,000.

3.     That the plaintiff has filed with this Court a Motion to Amend the Complaint seeking a specified amount of total damages less than $75,000, and the plaintiff agrees that, should this case be remanded to the Circuit Court of Montgomery County, Alabama, she will not seek damages in excess of $75,000 and, for that matter, should a verdict be returned in excess of $75,000, she will satisfy any such judgment against the defendants

upon the payment of the total sum of no more than $75,000, plus the costs of this action; hence, the total damages for which the defendants could be found liable, to a legal certainty, cannot exceed the sum of $75,000, plus the costs of this action. (See *Affidavit of David E. Allred*, attached hereto.)

4.      The plaintiff would further show unto the Court that the defendants' burden of proving amount in controversy jurisdiction is a heavy one and that, in light of the plaintiff's amendment limiting the amount of damages in this case to less than $75,000 with the proviso that the complaint will not be amended and damages in excess of that amount will not be sought nor collected from the defendants, to a legal certainty, the damage exposure to the defendants does not exceed $75,000, which is the minimum jurisdiction of this Court.

5.      In *Burns v. Windsor Insurance Co.*, 31 F.3d 1092, the Eleventh Circuit, in ordering remand to state court, observed the following:

> "Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim. *See Caterpillar, Inc. v. Williams*, 482 U.S. 386, 391 & n. 7, 107 S.Ct. 2425, 2429 & n. 7, 96 L.Ed.2d 318 (1987); *Great Northern R. Co. v. Alexander*, 246 U.S. 276, 282, 38 S.Ct. 237, 239, 62 L.Ed. 713 (1918); *Gafford v. General Electric*, 997 F.2d 150 (6th Cir.1993); *see also, Insigna v. LaBella*, 845 F.2d 249, 253-54, (11th Cir.1988); *Lane v. Champion Int'l Corp.*, 844 F.Supp. 724, 731 (S.D.Ala.1994); *see generally*, Wright & Miller 14A Federal Practice and Procedure § 3702 ('[p]laintiff is the master of his or her own claim; if plaintiff chooses to ask for less than the jurisdictional amount, only the sum actually demanded is in controversy'); *see also, St. Paul's*, 303 U.S. at 294, 58 S.Ct. at 592. Defendant's right to remove and plaintiff's right to choose his forum are not on equal footing; for example, unlike the rules applied when plaintiff has filed suit in federal court with a claim that, on its fact, satisfies the jurisdictional amount, removal statues are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand. *See Boyer v. Snap-on Tools Corp.*, 913 F.2d 108 (3rd Cir.1990), *cert. denied*, 498 U.S. 1085, 111 S.Ct. 959,

112 L.Ed.2d 1046 (1991); *see also Coker v. Amoco Oil Co.,* 709
F.2d 1433 (11th Cir.1983)."

WHEREFORE, THE PREMISES CONSIDERED, the plaintiff respectfully requests that this

action be remanded to the Circuit Court of Montgomery County, Alabama.


_____
DAVID E. ALLRED
D. CRAIG ALLRED
Attorneys for Plaintiff


OF COUNSEL:

DAVID E. ALLRED, P.C.
Post Office Box 241594
Montgomery, Alabama 36124-1594
Telephone:   (334) 396-9200
Facsimile:   (334) 396-9977


## CERTIFICATE OF SERVICE

I hereby certify that I have this 16th day of March, 2006 electronically filed the

foregoing *Motion to Remand* with the Clerk of the Court for the United States District Court,

for the Middle District of Alabama, Northern Division, using the CM/ECF system, which

will send notification of such filing to:

Carroll H. Sullivan, Esq.    csullivan@scottsullivanlaw.com
George M. Zoghby, Esq.    gzoghby@scottsullivanlaw.com


_____
OF COUNSEL